IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| C4CAST.COM, INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE HEARST CORPORATION, HEARST COMMUNICATIONS, INC., HEARST NEWSPAPERS PARTNERSHIP, L.P., HEARST NEWSPAPERS II, LLC, HEARST SEATTLE MEDIA, LLC, and HURON PUBLISHING COMPANY, INC.<br><br>　　　　Defendants. | CIV. A. NO. 2:13-CV-056-JRG-RSP |

**DEFENDANTS' MOTION TO DISMISS OR, ALTERNATIVELY, TO TRANSFER TO THE DISTRICT OF DELAWARE AND SUPPORTING MEMORANDUM**

Defendants The Hearst Corporation, Hearst Communications, Inc., Hearst Newspapers Partnership, L.P., Hearst Newspapers II, LLC, Hearst Seattle Media, LLC, and Huron Publishing Company, LLC, incorrectly sued as Huron Publishing Company, Inc. (collectively, "Defendants"), respectfully move this Court for an order dismissing this action filed by Plaintiff c4cast.com, Inc. ("Plaintiff" or "c4cast") for failure to state a claim under Rule 12(b)(6), lack of personal jurisdiction under Rule 12(b)(2), and improper venue under Rule 12(b)(3), or, alternatively, an order dismissing one defendant and transferring the remaining case to the District of Delaware under 28 U.S.C. §§ 1406 or 1404.

## I.  PRELIMINARY STATEMENT

This is a patent-infringement case brought by a Delaware corporation based in California against the alleged owners of a host of local newspapers from around the country, including Washington, Michigan, Connecticut, and California, all of which are alleged to be incorporated in Delaware. The complaint entirely fails to make any allegations against the lead defendant. Moreover, there is simply no basis to exercise personal jurisdiction in Texas over several of the defendants, and Plaintiff's complaint alleges no basis. Given the lack of personal jurisdiction over at least some defendants and the existence of a venue in which personal jurisdiction exists over all Defendants, this Court should either dismiss the entire case or dismiss the defendant alleged to have done nothing and transfer the remaining case to Delaware, where every single party is incorporated.

## II.  FACTUAL BACKGROUND

The complaint names a host of defendants and alleges that some of them operate websites that infringe the patent at issue. For purposes of this motion, the following facts are relevant. First, the complaint fails to make any substantive allegations against Defendant Hearst

Corporation. Second, the complaint fails to allege any facts to support the assertion of personal jurisdiction over any defendant, instead stating in conclusory fashion that each defendant is subject to general and specific personal jurisdiction because of "its substantial business in this forum, including (i) at least a portion of the infringements alleged herein, and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District." (Complaint ¶ 10.) In terms of specific factual allegations, the limited allegations merely identify websites allegedly (and often incorrectly) operated by some defendants. (Complaint ¶¶ 19-23.)

The identified websites (and associated newspapers) owned by Hearst Communications, Inc. ("Hearst Communications"), Hearst Seattle Media, LLC ("Hearst Seattle Media"), and Huron Publishing Company, LLC ("Huron"; together with Hearst Communications and Hearst Seattle Media, the "Foreign Defendants") have no offices, employees, or regular operations in Texas and in no way target Texas residents. (*See* Declaration of Michael G. Fogel ¶¶ 2-5, 8 (Hearst Communications); Declaration of Karl Johnson ¶¶ 2-5, 9 (Hearst Seattle Media); Declaration of Lucy Talley ¶¶ 2-5, 9 (Huron).)[1]

Every party – plaintiff and all defendants – is alleged to be incorporated in Delaware. (Complaint ¶¶ 1-7.)

### III. ARGUMENT

#### A. Plaintiff Has Improperly Named Hearst Corporation

The complaint names Hearst Corporation, but fails to allege any facts to give rise to any

---

[1] Each of the Foreign Defendants uses a Houston-based contractor to administer and support emails, which are hosted in Houston. Support for certain accounts receivable and circulation systems for Hearst Seattle Media and Huron are performed by a different Hearst entity located in Houston. (*See* Fogel Decl. ¶ 6; Johnson Decl. ¶¶ 6-7; Talley Decl. ¶¶ 6-7.) In addition, certain websites owned and operated by Hearst Communications and Hearst Seattle Media are hosted by a third-party vendor whose servers are located in Texas. (*See* Fogel Decl. ¶ 7; Johnson Decl. ¶ 8.)

claim for liability against it. Indeed, other than being identified in the "Parties" subsection, the complaint does not contain a single reference to Hearst Corporation. Accordingly, Hearst Corporation should be dismissed for failure to state a claim under Rule 12(b)(6).

### B. Multiple Defendants are Not Subject to Personal Jurisdiction in this Court

Plaintiff, as the party seeking the exercise of personal jurisdiction over a nonresident defendant, bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction. *See Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008); *see also Diamond Crystal Brands, Inc. v. Food Movers Int'l,* 593 F.3d 1249, 1257 (11th Cir. 2010). By simply alleging in conclusory fashion that each defendant conducts substantial business in the forum, Plaintiff has failed to meet even this initial burden and the complaint should be dismissed for this reason alone. *See, e.g.*, *Microseismic, Inc. v. TRAC Charitable Remainder Trust*, Civ. A. No. H–12–0118, 2012 WL 2994470, at *2 (S.D. Tex. July 20, 2012) ("On a motion to dismiss under Rule 12(b)(2), . . . . the court is not required to credit conclusory allegations even if they are uncontroverted.") (citing *Panda Brandywine Corp. v. Potomac Elec. Power Co*., 253 F.3d 865, 869 (5th Cir. 2001)); *American Bank, F.S.B. v. Auto–Owners Mut. Fire & Cas. Ins. Co*., No. 4:10–CV–331–A, 2010 WL 3784282, at *2 (N.D. Tex. Sept. 27, 2010).

Even beyond Plaintiff's insufficient allegations, there is no basis to exercise personal jurisdiction over most of the defendants. Federal Circuit law governs the exercise of personal jurisdiction over an out-of-state defendant accused of patent infringement. *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1348 (Fed. Cir. 2002). Federal Circuit law permits the Court to exercise personal jurisdiction over an out-of-state defendant if the state's long-arm statute permits the assertion of jurisdiction without violating

federal due process. *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1230 (Fed. Cir. 2010). Because Texas's long-arm statute reaches to the constitutional limits, the jurisdictional analysis under Texas and federal law are the same and asks whether exercising jurisdiction over the defendant would offend due process. *Revell v. Lidov*, 317 F.3d 467, 469-70 (5th Cir. 2002).

The exercise of personal jurisdiction satisfies due process if: (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state; and (2) the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." *Deprenyl Animal Health*, 297 F.3d ar 1350; *Mink v. AAAA Dev. L.L.C.*, 190 F.3d 333, 336 (5th Cir. 1999).

The minimum-contacts inquiry requires that defendant's conduct establishes that it "reasonably anticipates being haled into court." *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1330 (Fed. Cir. 2008); *Luv N' Care Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 470 (5th Cir. 2006). A defendant may reasonably anticipate being haled into court by virtue of its pervasive contacts with the forum state that give rise to general personal jurisdiction or specific personal jurisdiction.

*1.    General Personal Jurisdiction*

General jurisdiction requires that "continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Goodyear Dunlop Tires Operations v. Brown*, ___ U.S. ___, ___, 131 S. Ct. 2846, 2853 (2011) (quotations omitted). Indeed, general jurisdiction may not arise even where a defendant has significant forum contacts if those contacts on the whole are not substantial enough to justify subjecting the non-resident to suit in the state.

*See, e.g.*, *Cent. Freight Lines, Inc. v. APA Transp. Corp.*, 322 F.3d 376 (5th Cir. 2003) (no general jurisdiction even though defendant transport company routinely arranged and received shipments to and from Texas and regularly sent salesmen to market for business). For corporations, "the paradigm forum for the exercise of general jurisdiction . . . is [a] . . . place . . . in which the corporation is fairly regarded as at home," such as place of incorporation or principal place of business. *Goodyear*, 131 S. Ct. at 2853-54.

        2.        *Specific Personal Jurisdiction*

A determination of specific jurisdiction involves a three-step analysis: "(1) whether the defendant purposefully directs activities at the forum's residents; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1361 (Fed. Cir. 2012); *see also Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006).

        3.        *Personal Jurisdiction and the Internet*

Courts, including the Federal Circuit, have held that a generally available website, even if interactive, is insufficient to give rise to either specific or general jurisdiction. *See, e.g.*, *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1281 (Fed. Cir. 2005); *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 400 (4th Cir. 2003); *Revell*, 317 F.3d at 471; *Mink v. AAAA Dev. L.L.C.*, 190 F.3d 333 (5th Cir. 1999). Instead, in order to have any jurisdictional relevance, the website must specifically target users in the forum state. *See, e.g.*, *Carefirst*, 334 F.3d at 400 ("CPC must have acted with the 'manifest intent' of targeting Marylanders."). And, with respect to specific jurisdiction, only the portion of a website out of which the cause of action arises may be considered, and any other parts of the website must be disregarded. *Revell*, 317 F.3d at 472. Finally, courts have made clear that the mere presence of

servers in a jurisdiction does not give rise to jurisdiction. *See, e.g.*, *Carefirst*, 334 F.3d at 402 ("[W]e have described as "de minimis" the level of contact created by the connection between an out-of-state defendant and a web server located within a forum."); *Pfister v. Selling Source, LLC*, No. 2:12-CV-408, 2013 WL 1150014, at *3 (D. Nev. Mar. 20, 2013) ("[C]ourts within this Circuit have rejected the contention that server location within the forum can constitute a basis for the exercise of personal jurisdiction."); *Amberson Holdings LLC v. Westside Story Newspaper*, 110 F. Supp. 2d 332, 337 (D.N.J. 2000) ("It is unreasonable that by utilizing a New Jersey server, defendants' [sic] should have foreseen being haled into a New Jersey federal court.").

    *4.    Application*

There is no basis to exercise personal jurisdiction over Huron Publishing Company, Inc., Hearst Seattle Media, LLC, Hearst Communications, Inc., and the Hearst Corporation. Each corporation is discussed in turn.

Huron owns the Huron Daily Tribune, a local newspaper in Michigan. (*See* Talley Decl. ¶ 2.) In conjunction with the newspaper, the company has a website – www.michigansthumb.com – which is maintained and hosted by a third party. (*Id*. ¶¶ 2, 8.) The website is not directed at Texas residents and is generally a passive means for conveying information to readers and what little interactivity exists has no apparent relationship to the alleged infringement (as best can be surmised based on the non-specific allegations in the complaint). (*Id*. ¶ 3.) The only contacts the company has with Texas are that its emails are hosted in the State and limited back-office work is done by individuals in the State. (*Id*. ¶¶ 6-7.) However, neither of these contacts gives rise to general jurisdiction under the demanding standard discussed above nor do they relate in any way to the alleged infringement (which


apparently concerns the website). Accordingly, Huron is not subject to personal jurisdiction in Texas in this case and should be dismissed.

Hearst Seattle Media, which owns and operates www.seattlepi.com, differs from Huron Publishing Company in only one immaterial respect. The Seattle Post-Intelligencer website happens to be hosted by a third-party provider in San Antonio, Texas. (*See* Johnson Decl. ¶¶ 2-9.) But, as noted above, this happenstance does not change the jurisdictional analysis. *See, e.g.*, *Carefirst*, 334 F.3d at 402; *Pfister*, 2013 WL 1150014, at *3; *Amberson Holdings*, 110 F. Supp. 2d at 337.

Hearst Communications, which is alleged to own and operate various newspaper websites for localities outside of Texas, is in substantially the same position, with emails being hosted and supported in Houston and its website hosted by a third party in San Antonio.[2] Again, this is not sufficient to confer jurisdiction. (*See* Fogel Decl. ¶¶ 2-8.)

Finally, the Hearst Corporation is not subject to jurisdiction. As noted, the complaint makes no substantive allegations against Hearst Corporation, so specific jurisdiction is not possible. And the alleged basis for general jurisdiction over Hearst Corporation – a generalized recitation of the standard collectively stated as to all defendants – is entirely conclusory.

**C.  Because Personal Jurisdiction is Lacking over Some Defendants, Venue Is Improper and the Case Should Be Dismissed or Transferred**

"Once venue is challenged, in actions involving multiple claims and multiple defendants, the plaintiff has the burden of showing that the chosen venue is proper as to each claim and each defendant." *AllChem Performance Prods., Inc. v. Aqualine Warehouse, LLC*, 878 F. Supp. 2d

---

[2]  At one point in the complaint (but not another, ¶ 12), plaintiff incorrectly alleges that Hearst Communications, Inc.. owns and operates www.mywesttexas.com, ¶ 19. This is incorrect. (*See* Fogel Decl. ¶ 14.) The complaint further incorrectly alleges that Hearst Communications owns and operates www.newstimes.com, www.greenwichtime.com, www.stamfordadvocate.com, www.ctpost.com, and www.westport-news.com. (*Id.* ¶¶ 9-13)

779, 794 (S.D. Tex. 2012) (quoting *Collins v. Doe,* Civ. A. No. H–10–2882, 2012 WL 1414246, at *3 (S.D. Tex. Apr. 23, 2012)); *see also Delong Equip. Co. v. Wash. Mills Abrasive Co.,* 840 F.2d 843, 855 (11th Cir. 1988) (same).

"Under 28 U.S.C. § 1406(a), where venue is 'laid in the wrong division or district,' the district court must either dismiss the case or transfer it to a proper venue in 'any district or division in which it could have been brought' . . . ." *AllChem Performance Prods.*, 878 F. Supp. 2d at 787-88..

"'[A] district is "wrong" within the meaning of § 1406 whenever there exists an "obstacle (to) an expeditious and orderly adjudication' on the merits.'" *Id.* at 788 (quoting *Ellis v. Great Southwestern Corp.,* 646 F.2d 1099, 1105 (5th Cir. 1981)). "Lack of personal jurisdiction is a ground for such a transfer." *Id.* (citing *Ellis,* 646 F.2d at 1105 & n.7).

"Once a defendant challenges venue as improper under Federal Rule of Civil Procedure 12(b)(3), the plaintiff bears the burden of demonstrating that the chosen venue is proper. . . . The decision whether to dismiss or transfer the case under § 1406(a) lies within the discretion of the Court." *Id.* (citations omitted).

Here, because the exercise of personal jurisdiction is not proper over every defendant, venue is also improper and the Court should therefore dismiss the case or in the alternative transfer it to Delaware, where every party is incorporated and therefore subject to jurisdiction.

In addition, for the same reason that venue is improper, it is also inconvenient. Accordingly, the case should be transferred to Delaware under 28 U.S.C. § 1404, as it is the most convenient forum in which all Defendants may be found. Transfer under § 1404 is appropriate where doubts exist as to personal jurisdiction and venue, which is clearly the case here. *See, e.g.*, *Delong*, 840 F.2d at 857 ("[A]n important consideration in deciding appropriate venue is whether

a forum can meet the personal jurisdiction and venue requirements for most or all of the defendants in a multi-party lawsuit."); *Universal Turbine Parts, Inc. v. Putnam County Nat'l Bank*, No. 2:08cv975, 2009 WL 1357386, at *3 (M.D. Ala. May 14, 2009) (unpublished) (transferring an action, in part, because "venue here [in Alabama] is dubious, suggesting that transfer to the Southern District of New York, where venue is clearly proper, would serve the interests of justice").[3]

## IV.   CONCLUSION

For all the reasons set forth above, Defendants' motion should be granted and the entire case should be dismissed, or in the alternative, Hearst Corporation should be dismissed and the case should be transferred to the District of Delaware.

Dated: June 14, 2013                                    Respectfully submitted,

                                                         /s/ Ravi V. Sitwala

                                                        Jonathan R. Donnellan
                                                        Texas Bar No. 24063660
                                                        Ravi V. Sitwala
                                                        New York Bar No. 4359899
                                                        Hearst Corporation
                                                        300 West 57th Street
                                                        New York, NY 10019
                                                        Phone: 212-649-2020
                                                        Facsimile: 212-649-2035
                                                        Email: jdonnellan@hearst.com
                                                        Email: rsitwala@hearst.com

                                                        ATTORNEYS FOR DEFENDANTS

---

[3]   Defendants reserve the right to make a subsequent § 1404 motion based on the various § 1404 factors once the nature of the allegations becomes clear if the action is not dismissed or transferred. *See Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 760 (E.D. Tex. 2000) ("[U[nlike a motion to dismiss for improper venue, there is absolutely no reason why a litigant seeking a Section 1404(a) transfer must so move before the original answer.").

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served on June 14, 2013 with a copy of this document and the supporting declarations via the Court's CM/ECF system per Local Rule CV-5(a)(3).

       /s/ Ravi V. Sitwala
       Ravi V. Sitwala

## CERTIFICATE OF CONFERENCE

I am counsel for Defendant Hearst Communications, Inc. On June 14, 2013, I conferred by telephone with Hao Ni, Plaintiff's counsel in this case, pursuant to Local Rule CV-7(h), regarding the subject of this motion. Plaintiff is opposed to the motion and it is clear the parties have reached an impasse on this issue and that motion practice is necessary to resolve this dispute.

       /s/ Ravi V. Sitwala
       Ravi V. Sitwala