IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| C4CAST.COM, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE HEARST CORPORATION, HEARST COMMUNICATIONS, INC., HEARST NEWSPAPERS PARTNERSHIP, L.P., HEARST NEWSPAPERS II, LLC, HEARST SEATTLE MEDIA, LLC, and HURON PUBLISHING COMPANY, INC. <br><br> Defendants. | CIV. A. NO. 2:13-CV-056-JRG-RSP |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT
OF THEIR MOTION TO DISMISS OR, ALTERNATIVELY,
TO TRANSFER TO THE DISTRICT OF DELAWARE**

Defendants The Hearst Corporation, Hearst Communications, Inc., Hearst Newspapers Partnership, L.P., Hearst Newspapers II, LLC, Hearst Seattle Media, LLC, and Huron Publishing Company, LLC, incorrectly sued as Huron Publishing Company, Inc. (collectively, "Defendants"), respectfully submit this reply memorandum in further support of their motion to this Court for an order dismissing this action filed by Plaintiff c4cast.com, Inc. ("Plaintiff") for failure to state a claim under Rule 12(b)(6), lack of personal jurisdiction under Rule 12(b)(2), and improper venue under Rule 12(b)(3), or, alternatively, an order dismissing one defendant and transferring the remaining case to the District of Delaware under 28 U.S.C. §§ 1406 or 1404.

## I. ARGUMENT

Plaintiff has now recognized that it had no jurisdictional basis to include some of the entities included in the original complaint,[1] but persists in incorrectly asserting personal jurisdiction over two remaining entities – The Hearst Corporation and Hearst Communications, Inc. – and offers no response to its failure to state any claim against the former as well. As to jurisdiction, Plaintiff relies entirely on the contacts of the Hearst Corporation's subsidiaries to establish jurisdiction over that entity and asserts jurisdiction over Heart Communications, Inc. based on the false assumption that it owns a Texas newspaper.

<u>Plaintiff Has Not Stated a Claim or Established Personal Jurisdiction over Hearst Corporation</u>

Plaintiff does not even attempt to show how its complaint states a claim against Hearst Corporation, which is unsurprising given the lack of any substantive allegations against that defendant. Given Plaintiff's failure to respond to that portion of this motion, Hearst Corporation should be dismissed. *See* L.R. 7(d) (presuming non-opposition based on failure to oppose).

---

[1] Plaintiff has sought leave to file an amended complaint dropping Hearst Seattle Media, LLC and Huron Publishing Company, LLC in apparent recognition that those entities are not subject to jurisdiction in this Court for the claims asserted. Defendants do not oppose dismissal of those two entities. (While the motion was filed as opposed, that is because Plaintiff did not seek to confer on the motion until after the close of business on the day it was filed.)

1

As to personal jurisdiction over Hearst Corporation, Plaintiff's response completely ignores the corporate form, attempting to lump legally distinct entities together and aggregate their contacts with Texas so as to confer jurisdiction over all of them. *See, e.g.*, Plaintiff's Response in Opposition to Defendants' Motion to Dismiss, or Alternatively, to Transfer to the District of Delaware ("Plaintiff's Response") at 4 (referring to the contacts of "The Hearst Corporation and its subsidiaries"); *accord id.* at 3, 4. This conflation of legally distinct entities is improper as a matter of law. *See, e.g.*, *Williams v. Portfolio Recovery Assocs., LLC*, No. 3:11-cv-2421, 2012 WL 5986426, at *3 (N.D. Tex. Nov. 29, 2012) ("When determining if personal jurisdiction can be imputed through a parent-subsidiary relationship, we begin with a presumption that a subsidiary, even one that is wholly-owned, is independent of its parent for jurisdictional purposes.") (quoting *Gonzalez v. Bank of Am. Ins. Servs., Inc.*, 454 Fed. App'x 295, 300 (5th Cir. 2001)). Plaintiffs have not attempted to show (and cannot show) that "the parent corporation exerts such domination and control over its subsidiary that they do not in reality constitute separate and distinct corporate entities but are one and the same corporation for purposes of jurisdiction." *See Brooks & Baker, L.L.C. v. Flambeau, Inc.*, No. 2:10-cv-146, 2011 WL 4591905, at *4 (E.D. Tex. Sept. 30, 2011) (quoting *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. 1983)). Absent clear evidence of such domination, the contacts of Hearst Corporation's subsidiaries are irrelevant to the question of personal jurisdiction over Hearst Corporation.[2]

---

[2] Plaintiff also claims that Hearst Corporation owns the Midland Reporter-Telegram website (but also that Hearst Communications, Inc. owns the site, too). This claim is entirely based on the listing of Hearst Corporation as the registrant of the domain name on the WHOIS listing. Plaintiff's Response at 5. Notably, the non-legal document relied upon by Plaintiff does not even state that Hearst Corporation owns the domain name (let alone the actual website), as Plaintiff represents. Moreover, the listing, which has since been revised to list the Reporter-Telegram as the registrant, has no legal force. As discussed below, the relevant publicly available legal document – the DBA filing with the State of Texas – clearly states that the Reporter-Telegram is an assumed name of Hearst Newspapers II, LLC, which is a separate defendant in this case that is not contesting personal jurisdiction.

<u>Plaintiff Has Not Established Personal Jurisdiction over Hearst Communications, Inc.</u>

Plaintiff primarily relies on a reference to Hearst Communications, Inc. in the terms of use for the Midland Reporter-Telegram's website as the basis on which to assert jurisdiction over Hearst Communications. Plaintiff's Response at 4-5. However, that reference was an inadvertent scrivener's error. As Defendants' motion correctly states, Hearst Communications does not own and operate the Midland Reporter-Telegram. The owner and operator of that newspaper is Defendant Hearst Newspapers II, LLC. This fact is publicly disclosed in the Assumed Name notices filed by the Reporter-Telegram with the Texas Attorney General's office as well as the Harris County Clerk's Office. (*See* Declaration of Ravi V. Sitwala, Exs. 1-2) This fact is easily ascertainable with a simple search online. (*See id.*, Ex. 3 (showing search results from Harris County Clerk's Office website)) Accordingly, Plaintiff's gotcha argument that Hearst Communications owns the Reporter-Telegram based on a single erroneous statement should be rejected.

Plaintiff also argues that Hearst Communications and Hearst Newspapers are synonymous. Plaintiff's Response at 3 n.2. This is simply not the case – there is no single Hearst Newspapers legal entity. In addition, Plaintiff's reference to the domains of several newspapers that are not referenced in the complaint and are not even Texas newspapers has no bearing on jurisdiction.[3] *See* Plaintiff's Response at 5. In short, Plaintiff has not offered any legitimate basis to exercise jurisdiction over Hearst Communications in this case.

<u>Plaintiff Has Set Forth No Basis to Allow Jurisdictional Discovery</u>

Finally, Plaintiff seeks jurisdictional discovery if the Court is inclined to grant this

---

[3] Plaintiff also suggests that www.chron.com is hosted in Texas. Plaintiff's Response at 5. But this is neither here nor there – as the Houston Chronicle is not owned by Hearst Communications, but rather the successor-in-interest to Hearst Newspapers Partnership, L.P., which is a separate defendant in this case. In any event, Defendants have already explained that the existence of servers within a state is not sufficient to confer jurisdiction.

motion. Plaintiff's Response at 6. However, because Plaintiff has failed to make a preliminary showing of jurisdiction and has also failed to articulate what it would seek through discovery and how that discovery would show the existence of jurisdiction, there is no basis to allow such discovery. *See, e.g.*, *Papa Berg, Inc. v. World Wrestling Entm't, Inc.*, No. 3:12-cv-2406, 2013 WL 2090547, at *9 (N.D. Tex. May 15, 2013) ("To the extent Plaintiffs' Response filed November 6, 2012 requests additional time to obtain jurisdictional discovery from the Individual Defendants, such request is DENIED. A court may grant jurisdictional discovery when the plaintiff has established a 'preliminary showing of jurisdiction' over the defendant. *EsNtion Records, Inc. v. JonesTM, Inc.*, No. 3:07–CV–2027–L, 2008 WL 2415977, *6 (N.D. Tex. June 16, 2008) (denying jurisdictional discovery regarding nonresident parent corporation) (citing *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005)). Here, Papa has not shown a preliminary finding of jurisdiction. . . . Further, Papa's arguments in support of jurisdictional discovery do not show that such discovery would add any significant facts to his jurisdictional claims. *See Kelly v. Syria Petroleum Dev. B.V.*, 213 F.3d 841, 857–58 (5th Cir. 2000) (district court did not abuse discretion in denying jurisdictional discovery given that plaintiffs offered no basis to show that proposed depositions of corporate representatives would contradict those representatives' sworn declarations).").

## II.     CONCLUSION

For all the reasons set forth above and in Defendant's motion papers, Defendants' motion should be granted and the entire case should be dismissed, or in the alternative, Hearst

Corporation should be dismissed and the case should be transferred to the District of Delaware.

Dated: July 22, 2013               Respectfully submitted,

                                     /s/ Ravi V. Sitwala

                                   Jonathan R. Donnellan
                                   Texas Bar No. 24063660
                                   Ravi V. Sitwala
                                   New York Bar No. 4359899
                                   Hearst Corporation
                                   300 West 57th Street
                                   New York, NY 10019
                                   Phone: 212-649-2020
                                   Facsimile: 212-649-2035
                                   Email: jdonnellan@hearst.com
                                   Email: rsitwala@hearst.com

                                   ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served on July 22, 2013 with a copy of this document and the supporting declarations via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                     /s/ Ravi V. Sitwala
                                     Ravi V. Sitwala

5